IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERALD A. VAN CUYLENBERG, )
Individually, and on Behalf of All Others )
Similarly Situated, )
 )
        Plaintiffs, )
 )
        v. ) No. 13 C 6937
 )
AUM SHREE SAI ENTERPRISES, INC. )
et al., )
 )
        Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs' partial motion for summary judgment. For the reasons stated below, the motion [32] is denied.

## BACKGROUND

Defendants allegedly own and operate multiple Seven 11 franchises. The class of Plaintiffs consists of former employees who allegedly worked for Defendants and were not paid time and a half for their overtime. According to Plaintiffs, when an employee worked for Defendants for more than 40 hours, Defendants paid the employee for 40 hours at the straight-time rate, and then paid the employee the straight-time rate under the category of "miscellaneous pay" to cover

1

any hours worked more than 40 hours.  Plaintiffs include in the amended complaint a claim brought under the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1 *et seq*.  Plaintiffs now move for summary judgment as to liability.

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009).  A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000).  In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

Plaintiffs move for summary judgment as to liability of Defendants.  Plaintiffs

contend that Defendants' violation of the IMWL is obvious and apparent based upon the undisputed facts and the plain language of the IMWL. The IMWL provides in part that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed." 820 ILCS 105/4a(1). Plaintiffs contend that the undisputed facts show that Defendants violated the IMWL. However, a close review of the record and Local Rule 56.1 filings shows that Plaintiffs have failed to point to sufficient evidence to show that they should prevail as a matter of law at this juncture. In support of their motion, Plaintiffs point to four examples of pay records for certain class members during certain pay periods. (SF Par. 9, 10, 11, 12). One example shows that during one pay period, one employee worked 58 hours and was paid the regular rate of $8.50 for the first 40 hours. (SF Par. 9). The records show that the employee was also paid for the additional 18 hours, under the category of "miscellaneous pay," and was paid $153, which equaled 18 times the regular pay rate of $8.50. (SF Par. 9). However, Plaintiffs' class consists of many more employees than those referenced in the few examples offered in support of the motion for summary judgment. While such examples are circumstantial evidence that strengthens Plaintiffs' case, they are not sufficient to show as a matter of law that Defendants violated the IMWL in regard to all class members and during all pay periods. The above example might be sufficient to show as a matter of law for that specific pay period for that specific employee, that Defendants failed to pay that

employee the proper amount of overtime. However, the court cannot reasonably find as a matter of law that such evidence means that Defendants engaged in similar conduct with all class members or even engaged in similar conduct for the entire period of employment for that specific employee.

The fact that Plaintiffs have evidence that appears to indicate that certain overtime was categorized as "miscellaneous pay," suggests that Defendants did what Plaintiffs claim, but does not establish it as a matter of law. Defendants continue to deny that they acted as Plaintiffs allege in the complaint and deny that they violated the IMWL. Defendants have also pointed to evidence which provided Defendants' own explanations for the pay records. For example, Defendants claim that the "miscellaneous pay" category was not a means to hide overtime pay, and contend instead that it was mainly used to correct errors by employees in recording the hours that they worked. (SAF Par. 5). Defendants contend, for example, that if an employee worked 40 hours and only logged in 32 hours, the additional 8 hours might later be paid to the employee under the "miscellaneous pay" category. (SAF Par. 3). Defendants also contend that sometimes when employees left early due to being sick and they would log out early, Defendants would then credit the employee for his sick time and compensate the employee for remaining hours up to 40 hours using the "miscellaneous pay" category. (SAF Par. 4). Plaintiffs, having filed no response to Defendants' statement of additional facts, have admitted pursuant to Local Rule 56.1 that Defendants did in fact present evidence indicating that they utilized the "miscellaneous pay" category for such purposes. The determination of which side's

4

version of the facts is correct is for the trier of fact to decide, and not for the court at the summary judgment stage.

Plaintiffs also acknowledge that they do not have all of the necessary "incriminating documents" because certain records were kept as handwritten records by Defendants and were destroyed by Defendants. (SF Par. 14). However, Plaintiffs cannot, at the summary judgment stage, ask the court to speculate in the absence of evidence that their version of the facts is correct. Plaintiffs, as movants, bear the burden to show that no reasonable trier of fact could find other than in favor of Plaintiffs. In addition, all reasonable inferences must be made in favor of Defendants, the non-movants at this juncture. In response to the instant motion, Defendants deny that any evidence was purposefully destroyed as part of a scheme to hide evidence. Defendants contend that it was simply not part of the standard practice to retain certain handwritten records. (RSF Par. 14). Plaintiffs have not sought any adverse inference based on the intentional destruction of evidence and are not entitled to reduction in their evidentiary burden by merely alluding to missing evidence. *See Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008)(explaining that a party can seek an adverse inference if the opponent "destroyed [evidence] in bad faith . . . for the purpose of hiding adverse information")(internal quotations omitted)(quoting *Rummery v. Ill. Bell Tel. Co.*, 250 F.3d 553, 558 (7th Cir. 2001)). Plaintiffs have failed to put forth sufficient evidence to show that they should prevail at this juncture as a matter of law. Therefore, Plaintiffs' motion for summary judgment as to liability is denied.

# CONCLUSION

Based on the foregoing analysis, Plaintiffs' motion for summary judgment as to liability is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 14, 2015