## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| GERALD A. VAN CUYLENBERG, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case no. 13-cv-06937 |
| v. | ) ) | Judge Samuel Der-Yeghiayan |
| AUM SHREE SAI ENTERPRISES, INC., d/b/a SEVEN 11, a Domestic corporation; SAI RAMA, INC., d/b/a SEVEN 11, a domestic corporation; and HINA ENTERPRISES, d/b/a SEVEN 11, a Domestic corporation | ) ) ) ) ) ) | |
| Defendants. | ) | |

## AMENDED APPLICATION OF PLAINTIFF'S CLASS COUNSEL FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

### I.       INTRODUCTION

Plaintiffs' Class Counsel respectfully apply for an award of attorneys' fees and costs of $10,000, to be paid separately by Defendant Aum Shree Sai Enterprises, Sai Rama, and Hina Enterprises, all doing business as Seven 11 stores and all being owned by Vinod Gandhi ("Defendants" or "Seven 11") as set forth in the Settlement Agreement preliminarily approved by this Court on September 23, 2015. This application is made pursuant to and in accordance with the Court's Order.

The total settlement amount payable to Plaintiffs is $30,000. This is a satisfactory result based on the facts and total potential recovery to Plaintiffs.  In accordance with the negotiated formula, each Plaintiff will receive a payment that is about 100% of their damages, including liquidated damages. This settlement includes the four Class members in the defined class who have submitted claim forms.  Out of 38 eligible class members, only 4 have submitted claims and only 1 claim form has been returned as undeliverable.

12 Class members have formally opted out, although none of the opt outs have expressed any reason for wanting to opt out. No Class members have objected to Class Counsel's requested fees.

The fee request of Class Counsel is reasonable. Class Counsel obtained a satisfactory result for the Class members who chose to participate – a substantial percentage of the best result they could have hoped for after trial and appeal, both of which would have delayed the final result for an indeterminate period of time. The result here provides immediate relief.

The fee amount requested here was separately negotiated by Plaintiff's Class Counsel with Defendants' counsel after the settlement negotiations for the Class were completed. Under the terms of the Settlement Agreement, the Defendants agree not to oppose any request by Class Counsel up to a maximum of Ten Thousand Dollars ($10,000) for attorneys' fees and costs, and Class Counsel agrees not to seek any fees or costs greater than this amount, to compensate and reimburse Class Counsel for all of the work already performed in this matter and any work remaining to be performed in carrying out this Settlement Agreement, including but not limited to securing Court approval of this Settlement Agreement and all administration work that will come up. This amount constitutes 33% of the estimated common fund available for all class members' benefit.

This application is consistent with awards of attorneys' fees from common funds in class action litigation, both in this District and other jurisdictions. The request is thus supported by the applicable legal authorities and is fully justified in litigation of this type

in view of the commitment made, the risk taken, the skill required, and most importantly, the result obtained for the Class.

Plaintiff's Class Counsel's efforts, undertaken on behalf of the Class, have been extensive. Initial pre-filing investigation included research of the Illinois laws and federal laws applicable to a variety of issues including, *inter alia,* the elements of potential causes of action, damages and class certification. Beyond investigating the law, Class counsel spent substantial time reviewing information and documents produced by the Defendants and by the local Seven 11 representative. In addition, Class counsel briefed the successful motion for Class certification, brought a motion for summary judgment as to liability only and was preparing for trial at the time that the parties reached this settlement.

Pursuant to the Court's Preliminary Approval Order, the request for attorneys' fees is consistent with the language in the Notice that was previously submitted to the Court and has been sent to the Class Members. No class members have objected to the amount of the requested fees.

## II. DISCUSSION

In the Seventh Circuit, courts regularly award attorneys' fees in common fund cases using the percentage-of-the-fund approach: When a class suit produces a fund for the class, it is commonplace to award the lawyers for the class a percentage of the fund, in recognition of the fact that most suits for damages in this country are handled on the plaintiff's side on a contingent-fee basis. *In re Kentucky Grilled Chicken Coupon Marketing & Sales Practices Lit., __ F.R.D. __,* 2011 WL 5599129 (N.D.Ill.); *Will v. General Dynamics,* 2010 WL 4818174 *2 (S.D.Ill.); *Gaskill v. Gordon,* 160 F.3d 361,362

(7th Cir. 1998) (citations omitted*); see also Harman v. Lyphomed. Inc*., 945 F.2d 969,975 (7th Cir. 1991). The Seventh Circuit favors the percentage of-the-fund approach, which simplifies the judicial task while achieving the object of awarding a reasonable fee. *In re Continental Illinois Sec. Lit.,* 962 F.2d 566, 572 (7th Cir. 1992); *Florin v. Nationsbank Ga., N.A.,* 34 F.3d 560, 566 (7th Cir. 1994) (recognizing the advantage of "its relative simplicity of administration"); *Williams v. GE Capital Auto Lease,* 1995 WL 765266, at *9 (N.D. Ill.) ("The approach favored in the Seventh Circuit is to compute attorney's fees as a percentage of the benefit conferred on the class," (citing cases). In fact, awarding fees as a percentage of the fund is the accepted and preferred method in federal courts in general. *See In re Linerboard Antitrust Litigation*, 2004 WL 122350 at *3-4 (E.D. Pa.)

The percentage method also directly aligns the interests of the class and its counsel and rewards counsel for success and efficiency, while penalizing for waste or failure. *Williams v. GE Capital Auto Lease.*, 1995 WL 765266 at *9 (N.D. Ill. 1995); accord *Gaskill*, 160 F.3d at 363; *see Blum v. Stenson*, 465 U.S. 886,900 n.16 (1984). Moreover, as one court noted: [A] percentage-of-the-fund approach more accurately reflects the economics of litigation practice. . . [A] plaintiffs' litigation practice, given the uncertainties and hazards of litigation, must necessarily be result-oriented. It matters little to the class how much the attorney spends in time or money to reach a successful result. *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1269 (D.C. Cir. 1993) (citation and internal quotation marks omitted).

These advantages were noted by the Third Circuit Task Force in its Report on Court Awarded Attorneys' Fees, 108 F.R.D. 237, 255 (3d Cir. 1985), frequently cited by the Seventh Circuit. See, *e. g., Skelton v. General Motors Corp.,* 860 F.2d 250, 252-53

(7th Cir. 1989). In that Report, the Task Force described the alternative - the process of preparing and evaluating massive hours-based fee petitions as "cumbersome, enervating, and often surrealistic" and found that the percentage approach serves the need to avoid the tremendous amount of time and energy required by the lodestar approach.  Task Force Report, 108 F.R.D. at 258.

### A.  The Requested Award Is Consistent With Awards Of Attorneys' Fees In Common Fund Cases In This District.

Decisions awarding attorneys' fees of up to one-third of a settlement fund have become commonplace in this District. A review of the decisions in *In re Kentucky Grilled Chicken Marketing & Sales Practices Lit., 2011 WL at* *12; *Will v. General Dynamics,* 2010 WL 4818174 *3 (S.D. Ill.) *Goldsmith v. Technology Solutions Co.,* 1995 WL 17009594, *8 (N.D. Ill.), makes clear that Courts in this District commonly award attorneys' fees equal to approximately one-third or more of the recovery. *See also, Liebhard v. Square D Co.,* No. 91 C 1103 (N.D. Ill. Jun. 6,1993) (J. Plunkett) (awarding fees of one-third of the fund plus expenses); *Wanninger v. SPNV Holdings.* No. 85 C 2081 (N.D. Ill. May 10, 1993) (J. Marovitz) (32% awarded, plus expenses); *Long v. Trans World Airlines, Inc.* No. 86 C 7521, 1993 U.S. Dist. LEXIS 5063 (N.D. Ill. Apr. 19, 1993) (J. Williams) (32% plus expenses); *Hammond v. Hendrickson,* No. 85 C 9829 (N.D. Ill. Nov. 20, 1992) (J. Aspen) (33% of fund, plus expenses); *First Interstate Bank of Nevada. N.A. v. National Republic Bank of Chicago,* No. 80 C 6401, slip op. at 2 (N.D. Ill. Feb. 12, 1988) (J. Plunkett) (awarding 39% of the settlement fund).

The fees and costs requested here of 33⅓% of the total recovery falls within these awards. *See also In re Soybean Futures Lit.,* No. 89 C 9009 (N.D. Ill. Nov. 11, 1996) (J. Norgle) (award of fees of 33% of a common fund of $21,500,000, plus reimbursement of

expenses of $1,070,064). Similarly, in *Gaskill v. Gordon,* 942 F. Supp. 382 (N.D. Ill. 1996), aff'd., 160 F.3d 361,362 (7th Cir. 1998), the district court awarded fees of 38% of the total funds available, and the award was affirmed by the Seventh Circuit.

The application of Plaintiffs' Class Counsel for an award of fees and expenses in the present case is thus broadly supported by, and consistent with, numerous awards in other litigation.

### B.     The Requested Fee Properly Reflects the Market for Contingent-Fee Legal Services and is a Reasonable Percentage of the Recovery

Courts often find it useful to compare the percentage-of-the-fund to contingent arrangements negotiated in other cases of the same type. The Supreme Court has observed that it has "consistently looked to the marketplace as our guide to what is 'reasonable.'" *Missouri v. Jenkins,* 491 U.S. 274, 285 (1989). The same view has been repeatedly expressed by the Seventh Circuit. *In re Continental Illinois Securities Lit.,* 962 F.2d 566, 568 (7th Cir. 1992) (goal of the fee-setting process is to determine what lawyers would receive if the relevant set of services were sold in the market); *Gaskill v. Gordon,* 160 F.3d 361,363 (7th Cir. 1998) (object is to set the fee at a level that would approximate what the market would set). An award of fees of one-third of the recovery accurately reflects the general market for contingent-fee litigation.  As one commentator on attorneys' fees has noted: "The level of contingent fee that has been generally established in the marketplace for legal services is approximately one-third of the recovery for traditional commercial or personal injury claims." 1 A. Conte, *Attorney Fee Awards,* 48 (1993). And, in *In re Public* Service *Co. of New Mexico,* 1992 WL 278452, at *7 (S.D. Cal.), the Court stated, in awarding fees of 33% of the net cash fund: "In private contingent litigation, fee contracts have traditionally ranged between 30% and 40% of the

6

total recovery. If this were a non-representative litigation, the customary fee arrangement would be contingent, on a percentage basis, and in the range of 30% to 40% of the recovery." *Id.*, citing cases; *see also Knox v. Genison,* 1990 WL 103251, at *2 (N.D. Ill.) ("As almost everyone knows, the most customary contingent fee arrangement calls for the lawyer to receive one-third of the recovery. . . and greater than one-third (frequently 40%) if the case has to go to trial."); *In re Shell Oil Refinery,* 155 F.R.D. 552, 571 (E.D. La. 1993) ("The customary contingency fee is between 33% and 40%.").

Here, the contingent fees agreed to by plaintiffs is 33 ⅓%.  The Supreme Court has indicated that the parties to a class action properly may negotiate not only the settlement of the action itself, but also the payment of attorneys' fees. *See Evans v. Jeff D.,* 475 U.S. 717, 734-35, 738 n. 30, (1986).  Defendants are allowed to negotiate an agreed cap on attorneys' fees. *See In re Sears Retiree Group Life Insurance Lit.,* 2002 WL 475180, at *1 (N.D. Ill.)  Plaintiff's Class Counsel, after obtaining a settlement for the Class of $100,000, negotiated with defendants for a fee (including costs) of $33,333.33.  That fee is equal to 33⅓% of the common fund of $100,000, inclusive of the notice and claims administration costs.

The request for an award of attorneys' fees equal to 33% of the total amount available to the Class is consistent with the market for contingent-fee legal services and fee awards in similar litigation, and was negotiated with Defendants only after the rest of the settlement terms were negotiated.

### III.   CONCLUSION

The application for an award of attorneys' fees and costs of $10,000 should be granted.  The request is fair and reasonable and represents an appropriate award under the

7

circumstances of this litigation undertaken on a contingent fee basis and successfully resolved by experienced counsel.

                                          Respectfully submitted,

Date: October 20, 2015

                               By: /s Terrence Buehler
                                    Terrence Buehler
                                    Touhy, Touhy & Buehler
                                    55 W. Wacker Drive, Suite 1400
                                    Chicago, IL  60601
                                    (312) 372-2209

                                    Class Counsel

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, hereby certify that on October 20, 2015, I electronically filed the foregoing APPLICATION OF PLAINTIFF'S CLASS COUNSEL FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES with the Clerk of the Court using the ECF system, and served the aforementioned document on all counsel of record via the ECF system.


_____/s/ Terrence Buehler_____
One of the attorneys for the Plaintiff